IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**REYNALDO RIVERA-RUIZ,**           *
    Petitioner,                *
                        *
                        *
      v.                    *
                        *   **CIVIL NO. 08-1609(PG)**
                        *   **RELATED CRIM. 06-253(PG)**
**UNITED STATES OF AMERICA,**        *
    Respondent.                *
_____   *

**OPINION & ORDER**

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.8),[1] and his Memorandum in Support thereof (D.E. 11). Respondent filed a Response to the Petition (D.E.15). Petitioner filed a Motion for Extension of Time to Reply to the Government's Response[2] (D.E. 18) and was granted until November 7, 2011, to file said reply (D.E. 19). To date no Reply or other motion has been filed. For the reasons discussed below, the Court finds the Petition shall be **DENIED** and the request for evidentiary hearing is also **DENIED.**

**I. BACKGROUND**

On August 10, 2006, Petitioner, Reynaldo Rivera-Ruiz (hereinafter "Petitioner" or "Rivera-Ruiz") and seventeen (17) additional co-defendants were indicted by a Federal

---

[1]D.E. is an abbreviation of docket entry number.

[2]The Motion for Extension of Time was filed on October 7, 2011(D.E. 18).

Grand Jury (Crim. D.E. 2).[3]  Petitioner was specifically
charged in all five (5) counts of the Indictment.

Count One (1) charged: Beginning in or about August of
2005, and ending in or about November of 2005, in the
District of Puerto Rico, St. Thomas, United States Virgin
Islands, St. Marteen, Netherlands Antilles, Tortola,
British Virgin Islands, Colombia, Dominican Republic,
elsewhere and within the jurisdiction of this Court,
Rivera-Ruiz and his seventeen (17) co-defendants, the
defendants herein, did knowingly and intentionally,
combine, conspire, confederate and agree together with each
other, and with other persons known and unknown to the
grand jury, to commit the following offense against the
United States: to import into the customs territory of the
United States, from places outside thereof, five (5)
kilograms or more of cocaine, a Schedule II, Narcotic Drug
Controlled Substance, in violation of Title 21, United
States Code, Section 952(a). All in violation of Title 21,
United States Code, Section 963 (Crim.D.E. 2).

Count Two (2) charges: Beginning in or about August of
2005, and ending in or about November of 2005, in the
District of Puerto Rico, St. Thomas, United States Virgin
Islands, St. Marteen, Netherlands Antilles, Tortola,
British Virgin Islands, Colombia, the Dominican Republic,
elsewhere, and within the jurisdiction of this Court,

---

[3]Crim.D.E. is an abbreviation of criminal docket entry.

Rivera-Ruiz and his seventeen (17) co defendants, the
defendants herein, did knowingly and intentionally combine,
conspire, confederate and agree together with each other,
and with other persons known and unknown to the grand jury,
to commit the following offense against the United States:
to possess with intent to distribute five (5) kilograms or
more of cocaine, a Schedule II, Narcotic Drug Controlled
Substance, in violation of Title 21, United States Code,
Section 841(a)(1).  All in violation of Title 21, United
States Code, Section 846 (Crim. D.E.2).

Count Three (3) charges: On or about November 17, 2005,
in the District of Puerto Rico, elsewhere and within the
jurisdiction of this Court, Rivera-Ruiz and his seventeen
(17) co defendants, the defendants herein, aided and
abetted by each other, and other persons known and unknown
to the grand jury, did knowingly and intentionally import
into the customs territory of the United States, from a
place outside thereof, five (5) kilograms or more of
cocaine a Schedule II, Narcotic Drug Controlled Substance,
in violation of Title 21, United States Code, Section
952(a) and Title 18, United States Code, Section 2
(Crim.D.E. 2).

Count Four (4) charges: On or about November 17, 2005,
in the District of Puerto Rico, elsewhere, and within the
jurisdiction of this Court, Rivera-Ruiz and his seventeen
(17) co defendants, the defendants herein, aided and
abetted by each other, and other persons known and unknown

to the grand jury, did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of cocaine, a Schedule II, Narcotic Drug Controlled Substance, in violation of Title 21, <u>United States Code</u>, Section 841(a)(1) and Title 18, <u>United States Code</u>, Section 2. Count Five (5) is a forfeiture count (Crim. D.E. 2).

On August 28, 2007, Rivera-Ruiz's Motion for Change of Plea was filed (Crim.D.E. 202).  On August 31, 2007, Rivera-Ruiz's Change of Plea Hearing was held (Crim.D.E. 216).  Rivera-Ruiz entered a plea of guilty to count one (1) of the Indictment as charged[4] (Crim.D.E. 216).  On December 13, 2007, Petitioner's Sentencing Hearing was held (Crim.D.E. 319).  The Court followed the parties recommendation in the Plea Agreement and sentenced Rivera-Ruiz to a term of imprisonment of one hundred and twenty (120) months as to count one (1) of the Indictment, a term of Supervised Release of five (5) years and a Special Monetary Assessment of one hundred (100) dollars, the remaining counts would be dismissed upon request by the United States, (Crim. D.E. 319).  Judgment was entered on December 19, 2007 (Crim.D.E. 320).

As per the terms and conditions of the Plea Agreement Rivera-Ruiz waived his right to appeal and therefore his

---

[4]Petitioner plead guilty pursuant to the terms and conditions of a Plea Agreement entered into with the United States.  The same was a Rule 11 (c)(1)(A) & (B) Plea Agreement.  In which given certain conditions Petitioner waived his right to appeal (Crim D.E. 217).

Civil No. 08-1609(PG)                                    Page 5

conviction became final on December 29, 2007.[5] Accordingly, Rivera-Ruiz's 2255 Petition filed on May 20, 2008, is timely (D.E. 1).

## II. DISCUSSION

In his 2255 Petition and Supplemental Memorandum, Rivera-Ruiz raises the following allegations of ineffective assistance of counsel: (1) counsel was ineffective in that he failed to object to the legality of the Government's evidence for sentencing purposes; (2) counsel was ineffective in that he failed to object to Petitioner's Criminal History Category as calculated in the Pre Sentence Report; (3) counsel was ineffective in that he allowed another attorney to represent Petitioner at his Change of Plea Hearing; (4) counsel was ineffective in that he failed to object to the amount of drugs charged in the conspiracy; and (5) counsel was ineffective in that he provided faulty advise to Petitioner which lead him to change his plea to guilty (D.E. 11).

A review of the record clearly indicates that Petitioner's claims are either meritless or simply wrong therefore the same shall be **DENIED** by the Court.

---

[5] Paragraph eighteen (18) of Petitioner's Plea Agreement states that if the Court accepted the agreement and sentenced Petitioner according to its terms and conditions, then Rivera-Ruiz would waive and surrender his right to appeal judgment and sentence (Crim.D.E. 217). At the sentencing hearing the Court accepted the Plea Agreement and sentenced Rivera-Ruiz in accordance with the Plea Agreement; therefore his right to appeal was waived; the Court so informed Petitioner during sentencing (S. Hrg. Tr. at pages 8-9).

Ineffective Assistance of Counsel Standard

     The standard for an ineffective assistance of counsel
claim is whether counsel's conduct so undermined the proper
functioning of the adversarial process that the trial
cannot be relied upon as having produced a just result
Strickland v. Washington, 466 U.S. 668 (1984). In order to
succeed in a claim of ineffective assistance of counsel
Rivera-Ruiz must show both incompetence and prejudice: (1)
Petitioner must show that counsel's representation fell
below an objective standard of reasonableness, and (2)
Petitioner must show that there is a reasonable probability
that, but for counsel's unprofessional errors, the result
of the proceeding would have been different, Darden v.
Wainwright, 477 U.S. 168 (1986), Lockhart v. Fretwell, 506
U.S. 364 (1993). Petitioner fails to meet this standard
and the record so reflects it.

Failure to object to the legality of the Government's
evidence for sentencing purposes & failure to object to
Petitioner's Criminal History as calculated in the Pre
Sentence Report (issues one (1) and two (2)).

     The first two allegations raised as ineffective
assistance of counsel by Petitioner deal with what
transpired during Rivera-Ruiz's sentencing hearing. The
Court will therefore discuss them jointly.

     In Petitioner's memorandum in support of his 2255
petition, Rivera-Ruiz makes two allegations of ineffective
assistance of counsel regarding his sentencing hearing.

     The first is what the Court deems a catch all phrase

created by Petitioner in which he states that his counsel failed to object to the legality of the Government's evidence for sentencing purposes. Rivera-Ruiz provides no further explanation on the matter nor indicates what evidence he is referring to. As such it is a blanket allegation which will not be entertained by the Court.

Petitioner's second allegation regarding his sentencing hearing relates to his Criminal History Category of III. Rivera-Ruiz alleges that his counsel was ineffective in his failure to object to the Pre Sentence Report determination of a Criminal History Category of III based on his prior 1993 state conviction. This, according to Petitioner, should not have been used in calculating his Criminal History Category due to the fact that it was more than ten (10) years old (D.E.11 at pp. 13-14).

A review of the record indicates that Petitioner is mistaken in his allegation. The fact is that the Probation Officer did not use Rivera-Ruiz's prior state conviction of 1993 in arriving at a Criminal History Category of III.

The Pre Sentence Report lists his arrest related to his 1993 conviction but he is given zero (0) points for the 1993 conviction (PSR at p. 9).

Rivera-Ruiz's Criminal History Category III is a result of his own prior illicit activities not of an ineffective

Civil No. 08-1609(PG)                                          Page 8

assistance of counsel.[6] This is not the case of a first time offender but that of an individual who is quite familiar with the legal system due to his colorful past.  Hence, Petitioner's allegations of ineffective assistance of counsel relating to sentencing (allegations one and two) are meritless and contrary to the record and therefore are **DENIED**.

<u>Counsel was ineffective in that he allowed another attorney to represent Petitioner at his Change of Plea Hearing</u>

Rivera-Ruiz's third allegation of ineffective assistance of counsel relates to his Change of Plea Hearing.  Petitioner contends that his retained counsel was ineffective in that on the day of the Change of Plea Hearing Rivera-Ruiz's retained counsel sent a substitute counsel, without his prior knowledge or consent, whom he did not know.  Petitioner further alleges that this substitute counsel forced him to sign the Plea Agreement and failed to provide him with any explanation of its content.

Once again the record contradicts Rivera-Ruiz. Petitioner's retained counsel was Antonio Bauza-Torres.  At his Change of Plea Hearing, Rivera-Ruiz was represented by Rubin Morales-Rivera.  It is Morales-Rivera who Petitioner states he did not know and who forced him to sign the Plea

---

[6]The Court, as an example, notes that at the time of the instant offense Rivera-Ruiz was on supervised release for a sentence of 2011 (PSR at pag. 9).

Agreement.

A review of the transcript of the Change of Plea
Hearing paints a different picture.

> The Court: Have you had enough time to consult
> with your attorneys before this afternoon?
>
> The Defendant: Yes, sir.
>
> The Court: Are you satisfied with their services
> up to know?
>
> The Defendant: Yes, sir.

(Tr. COP of 8/31/2007 at p. 3)

From the get go the Court asked point blank if Rivera-
Ruiz was satisfied with his attorney there beside him, and
the answer was yes.  Petitioner gave no indication to the
Court that he was clueless as to whom the attorney was.
Furthermore, Petitioner clearly indicated that he had
enough time to discuss the matter prior to the hearing with
his attorneys.

> The Court: Did he [the attorney] explain to you
> that the law provides a minimum of ten years, a
> maximum of life; a fine that could go up to
> $4,000,000; a term of supervised release of at
> least five years; and a $100 special monetary
> assessment?
>
> The Defendant: Yes, sir.

(Tr. COP of 8/31/2077 at p. 6)

Once again Rivera-Ruiz gave no indication to the Court
that he was unaware of the terms and conditions of the Plea

Agreement or that he was even remotely puzzled as to who the attorney beside him is.

> The Court: Has anybody threatened you in any way to induce you to plead guilty?
>
> The Defendant: No, sir.
>
> The Court: Is anybody forcing you in anyway to plead guilty?
>
> The Defendant: No, sir.
>
> The Court: Has anybody offered you any rewards or other things of value to get you to plead guilty?
>
> The Defendant: No, sir.
>
> The Court: Has anyone made any predictions to you as to what specific sentence I will impose?
>
> The Defendant: No, sir.
>
> The Court: I have a document in front of me entitled "Plea Agreement."  This is an agreement that you and your attorney have reached with the attorney for the government.  Has your attorney explained to you that I am not part of the agreement in this case?
>
> The Defendant: Yes, sir.

(Tr. COP of 8/31/2007 at p. 7)

Again, the Court provided Petitioner with an opportunity to say something as to his unwillingness to sign the Plea Agreement or his discomfort with his counsel and Rivera-Ruiz chose not to do so.

> The Court: At paragraph 12 of the Plea Agreement

Civil No. 08-1609(PG)                                        Page 11

> you represent to the Court that you are satisfied
> with your attorney, Mr. Antonio Bauza and counsel
> here present, and that they have rendered
> effective legal assistance to you. Is that
> correct?
>
> The Defendant: Yes, sir.

(Tr. COP 8/31/2007 at p. 10)

Again Rivera-Ruiz gave absolutely no indication to the Court of his dissatisfaction with his attorney.

Rivera-Ruiz raised an allegation of ineffective assistance of counsel that is not only unsubstantiated but contrary to the record. Petitioner's allegation of ineffective assistance of counsel as to his substitute attorney is hereby **DENIED.**

<u>Counsel was ineffective in that he failed to object to the amount of drugs charged in the conspiracy</u>

Rivera-Ruiz's fourth allegation relates to the amount of drugs charged versus the amount he was held responsible for.

Petitioner contends that his counsel was ineffective in his failure to object to the amount of drugs used in his Pre Sentence Report. He alleges that the amount of cocaine used to calculate his base offense level in his Pre Sentence Report is higher than that which was charged; which resulted in a higher base offense level and therefore a higher sentence.

Rivera-Ruiz is mistaken. Count One (1) of the

Indictment, which Petitioner pled guilty to, charges him and seventeen co defendants with conspiracy to import into the United States five (5) kilograms or more of cocaine (Crim.D.E. 2). At Rivera-Ruiz's Change of Plea Hearing he plead guilty to Count One (1), which is precisely the importation of five (5) kilograms or more of cocaine (Crim.D.E. 216).

Rivera Ruiz's Plea Agreement states "Pursuant to U.S.S.G. Sec. 2D1.1, the defendant agrees and stipulates that he shall be held criminally responsible and for sentencing guidelines calculations to in excess of one-hundred and fifty kilograms of cocaine, which establishes a base offense level of **Thirty-Eight(38)**. However, since defendant is receiving a mitigating role adjustment pursuant to U.S.S.G. Sec. 3B1.2, the base offense level is **Thirty four (34)** pursuant to U.S.S.G. Sec. 2D1.1(a)(3)." Crim.D.E. 217 at p. 4).

At the Change of Plea Hearing the Court informed Rivera-Ruiz what Count One (1) actually charges and proceeds to read various of the overt acts included as part of Count One (1).

> The Court: ...And you are included in Overt Act No. 3 which alleges that in or about November 2005, a number of co-conspirators coordinated and transported a shipment of approximately 300 kilograms of cocaine from St. Thomas, United States Virgin Islands, to Puerto Rico, aboard a

Civil No. 08-1609(PG)                                    Page 13

> motor vessel.   Basically, that's what you are
> charged in Count 1.  And I ask you: Is this what
> you did?
> The Defendant: Yes, sir.

(Tr. COP of 8/31/2007 at p. 14).

Rivera-Ruiz accepted his guilt to Count I of the Indictment and accepted his participation in the importation of approximately three hundred (300) kilograms of cocaine.

Further along in the Change of Plea Hearing the Government, upon request by the Court, informed the Court of the evidence it would have presented at trial to find Petitioner guilty of Count One (1).   The Government informed the Court that the facts as explained by the Court (overt act number three (3)), as well as the statement of facts attached to the Plea Agreement, would have been proven by transcript of recorded telephonic conversations, photographs, lab reports of the seized narcotics, and testimony from cooperating witnesses and law enforcement (Tr. COP of 8/31/2007 at pgs. 14-15).

Although Rivera-Ruiz accepted responsibility for and plead guilty to the conspiracy to import approximately three hundred (300) kilograms of cocaine as specified in overt act three (3) of Count I of the Indictment; the parties stipulated a lesser amount of "in excess of one hundred and fifty kilograms of cocaine"(Crim.D.E. 217 at p. 4) for purposes of sentencing guideline calculations.  This is a benefit for Petitioner.

The Pre Sentence Report precisely reflects a guideline calculation with the starting point of in excess of one hundred and fifty (150) kilograms of cocaine (Sent. Tr. of 12/13/2007). There is no error in the Pre Sentence Report, the same follows the stipulated Plea Agreement.

What Petitioner is actually alleging is a detriment to himself and his sentence for he wishes the guideline calculation to start with him having been responsible for in excess of three hundred kilograms of cocaine which in turn provide for a higher sentence.

Enough said of such a preposterous allegation the same is **DENIED**.

<u>Counsel was ineffective in that he provided faulty advise to Petitioner which lead him to change his plea to guilty</u>

Rivera-Ruiz's final allegation is that he was ill advised by his counsel and due to this advise he choose to plead guilty.

This allegation is raised by Rivera-Ruiz in a perfunctory manner without any reference to the record. In fact as prior excerpts from the Change of Plea Hearing demonstrate Petitioner never gave a single indication that he was dissatisfied with his Plea Agreement; that he did not wish to plead guilty; or that he was dissatisfied with his attorney.

Rivera-Ruiz's final allegation is meritless and baseless and is therefore **DENIED**.

The Court wishes to note that Petitioner is not a lay

man. By his own admission he studied up to one (1) year of college (Tr. COP of 8/31/2007 at p.2). In his Memorandum in Support of his 2255 Petition, Rivera-Ruiz makes statements as to his attorney's performance and the practice of criminal law in general. The same are ill-founded and incorrect. Petitioner's statement that "Such a simple act would have been child's play, Criminal Law Defense (101)."( (D.E. 11 at p. 14), is not only incorrect but not allowed in this Court; one of the fundamental principles of advocacy is respect towards the law.

Child's play is what every law abiding citizen does on a daily basis: follow the law, uphold the law, respect others and know what is right from wrong something Petitioner Rivera-Ruiz clearly does not understand.

For the reasons previously stated this Court deems Petitioner's Rivera-Ruiz's 2255 Petition **DENIED**. The same fails to meet the <u>Strickland</u> standard of ineffective assistance of counsel.

**III. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner **REYNALDO RIVERA-RUIZ,** is not entitled to federal habeas relief on the claims. Accordingly, it is ordered that Petitioner **REYNALDO RIVERA-RUIZ's** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE**. Petitioner's request for evidentiary hearing is also **DENIED.**

## IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255.  It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd of March, 2012.

*s/ Juan M. Pérez-Giménez*
**JUAN M. PEREZ-GIMENEZ**
**UNITED STATES DISTRICT JUDGE**